**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CODY A. SIMENSKY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:23cv2153 |
| | )    **Electronic Filing** |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC., EQUIFAX** | ) |
| **INFORMATION SERVICES, LLC,** | ) |
| and **TRANS UNION LLC,** | ) |
| | ) |
| Defendants. | ) |

## OPINION

Plaintiff commenced this action pursuant to the Fair Credit Reporting Act "("FCRA"), 15

U.S.C. § 1681, seeking relief for the alleged inaccurate reporting of his credit information.  The

inaccurate information assertedly was produced by the mixing of credit information between

plaintiff and his brother.  Plaintiff's complaint advances causes of action under Section 1681e(b)

of the FCRA for failure to maintain reasonable procedures to ensure the maximum possible

accuracy of information and under Section 1681b(a) for furnishing a credit report without a

permissible purpose.  Presently before the court is a motion to compel arbitration by Experian

Information Solutions, Inc. ("defendant" or "Experian").  For the reasons set forth below,

defendant's motion will be denied without prejudice to renew after an initial period of discovery.

Whether a dispute must be submitted to arbitration "is a matter of contract between the

parties" and "a judicial mandate to arbitrate must be predicated upon the parties' consent."

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764,771 (3d Cir. 2013) (quoting

Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980)).

Enforcement of such contractual agreements is authorized by the Federal Arbitration Act (the

"FAA"), 9 U.S.C. § 1, *et seq.*, provided the court is "satisfied that the making of the agreement

for arbitration . . . is not in issue." Id. at § 4.  "In the event that the making of the arbitration agreement is in issue, then 'the court shall proceed summarily to the trial 'of that issue.'" Guidotti, 716 F.3d at 771 (quoting Par–Knit Mills, 636 F.2d at 54 (quoting 9 U.S.C. § 4)). "[T]he party who is contesting the making of the agreement has the right to have the issue presented to a jury." Id.

Review of a motion to compel arbitration can be undertaken pursuant to either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.  Guidotti, 716 F.3d at 776.  Which of these applies depends on the nature of the complaint and its supporting documents.  On the one hand, "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'"  Id. at 776 (quoting Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp.2d 474, 482 (E.D. Pa. 2011)).  In contrast, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," then the parties are entitled to discovery on the issue of arbitrability and thereafter the issue is to be reevaluated under Rule 56 and/or summarily tried as appropriate.  Id.

Defendant asserts that plaintiff voluntarily entered into a binding arbitration agreement on November 12, 2023, when he enrolled online in a "free" credit monitoring service provided by an entity affiliated with defendant known as "CreditWorks."  See Declaration of Dan Smith ("Smith Decl.") (Doc. 23-2) at ¶ 3.[1]  According to defendant, in order for plaintiff to enroll successfully in CreditWorks' credit monitoring membership program, plaintiff had to complete an online application form.  Id.  That form would have required plaintiff to enter his personal information, that is, his name, address and other personal information.  Id.  It would also have

---

[1] Dan Smith is the Director of Product Operations for Experian.

required plaintiff to enter his e-mail address and create a password.  Id.  As part of this process, plaintiff supposedly would have encountered the following disclosure: "By clicking 'Create Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy."  Id.  At the end of this application process, plaintiff assertedly would have had to click the "Create Your Account" button in order to enroll in the CreditWorks free credit report and individualized credit score analysis.  Id.  Other than pulling up a separate page containing the terms of use for specific review, plaintiff would have completed the enrollment process in a single webform.

According to defendant, in creating an account plaintiff would have had the opportunity to review the applicable terms of use in full through the utilization of a blue highlighted hyper-link, although plaintiff was not actually required to verify that he had specifically pulled the terms up and reviewed them.  Supposedly, the applicable terms in effect during plaintiff's enrollment in CreditWorks contained an arbitration agreement, which required plaintiff to arbitrate, among other things, all claims against "Experian Consumer Services" that "relate to" or "arise out of" the membership.  Id. at ¶ 6.  The arbitration agreement provided that it was "to be broadly interpreted and to make all disputes and claims between us relating to, or arising out of, this Agreement, any Service and/or Website, including any Information you obtained through the Services or Websites, subject to arbitration to the fullest extent permitted by law."

Neither the summary of the arbitration agreement nor the specifics of the section expressly indicated that the consumer signing up for the free credit report and analysis with CreditWorks also was agreeing that the arbitration provision extended to disputes with affiliated entities of Experian, plc, which would include defendant.  Instead, those sections referenced definitions contained in another section of the terms of use which defined "us" and CreditWorks (referenced as "ECS") as "ConsumerInfo.com, Inc., an Experian company (also known as Experian Consumer Services) and referred to as 'Experian' on the Websites, its predecessors in

interest, successors and assigns, affiliates (including, but not limited to, Experian Information

Solutions, Inc.), agents, employees, and any of its third party service providers (including,

without limitation, cloud service providers) who ECS uses in connection with the provision of

the Services to you."

      Plaintiff counters that defendant has failed to come forward with sufficient evidence to

make an initial showing that plaintiff entered an enforceable contract that contained an

arbitration agreement.  He highlights that Smith only has presented generalized statements about

how the CreditWorks' website should have appeared to a user on the date plaintiff allegedly

accessed the site and emphasizes that "all of [Smith's] 'personal knowledge' comes from his

review of unidentified 'pertinent documents' and 'Experian's internal records.'"  Plaintiff's Brief

in Opposition (Doc. No. 33) at 12.

      Moreover, Smith assertedly has not presented any specific information about plaintiff's

actual and particular interactions on any website, the nature of any webforms actually viewed by

plaintiff, the contents of any hyperlinks executed by plaintiff, any activity log or internal records

from plaintiff's IP address and so forth.  Id.  In this regard plaintiff notes that Smith does not

know plaintiff, was not present when plaintiff purportedly would have interacted with

CreditWorks and has not presented documents connecting plaintiff to the IP address allegedly

reflecting plaintiff's creation and use of an account on the CreditWorks website.  Thus, from

plaintiff's perspective Smith has failed to present any information based on personal knowledge

that pertains to plaintiff's specific actions and as a result defendant cannot meet its initial burden

of establishing that the parties entered into an enforceable arbitration agreement.[2]

---

[2] Curiously, plaintiff does not deny or otherwise provide any affirmative statement indicating he
did not create an account with CreditWorks and/or did not view and interact with the webform as
asserted by Smith.  He simply does not address in any affirmative manner whether he did or did
not utilize the website and obtain the "free" services it supposedly provided.  His persistent use
of a line of caselaw challenging defendant's use of such affidavits where a plaintiff has denied

As previously noted, defendant's current motion is grounded on the assertion the parties entered into a contract containing a valid arbitration clause and plaintiff has not sufficiently raised a material dispute as to the existence of the agreement.  The agreement contains a delegation clause committing the issue of arbitrability to the arbitrator and therefore any further assessment of the parties' dispute must be reserved for the arbitrator to decide.  Defendant therefore maintains that its motion should be granted because there is no need for further delay.

In Young v. Experian Info. Sols., Inc., 119 F.4th 314 (3d Cir. 2024), the Third Circuit recently provided further guidance for applying the sperate standards of review recognized in Guidotti.  There, Experian filed a motion to compel arbitration based on the arbitration provision created through the credit monitoring service provided by CreditWorks.  In response to that motion, the plaintiff did not dispute that she had created an account through CreditWorks or that a valid agreement to arbitrate matters related to that service agreement existed.  Id. at 320-21 ("There is no factual dispute about the existence of the agreement to arbitrate.  No one denies that the parties entered into the agreement or that it is valid.  In fact, Young freely acknowledges that '[i]n the CreditWorks agreement, [she] and ConsumerInfo.com, Inc. agreed to arbitrate disputes 'that arise out of, or relate to, th[e] [CreditWorks] agreement.'").  Nor did she dispute that the arbitration provision in the CreditWorks agreement contained a clause delegating issues of arbitrability and enforceability to the arbitrator.[3]  What she did dispute was "the scope and enforceability of the agreement" and she argued that Experian had failed to show the claims in the case were subject to the arbitration provision.  Id. at 321.

---

creating an agreement to arbitrate raises an inference that he denies creating such an account and/or having an understanding that he did so.

[3] "[U]nder [the] CreditWorks' Terms of Use, the arbitrator has "exclusive authority to resolve" "all issues regarding arbitrability, [and] the scope and enforceability of th[e] arbitration provision as well as the Agreement's other terms[.]."  Id. at 321.

In Young, the complaint did not present claims based on the contract upon which Experian sought to compel arbitration, it did not reference that contract, nor did it attach the agreement as an exhibit.  The District Court therefore applied the Rule 56 standards and following what it assumed was mandatory language in Guidotti, it denied the motion "pending further development of the factual record."  Id. at 319.  The District Court reasoned that because a valid arbitration agreement had not been shown on the face of the complaint, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists."  Id. at 318.  Experian did not participate in discovery and chose to challenge that ruling through the filing of an appeal.  Id.

The Third Circuit acknowledged that it was not wrong for the District Court to apply Guidotti and hold that the Rule 56 standard applied to the parties' dispute.  Id. at 320.  It was, however, inappropriate to treat Guidotti's teachings as mandating a period of discovery where the record failed to present any material dispute as to the existence of the agreement.  Id. at ("Guidotti's mandate that when 'arbitrability [is] not ... apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record' assumes that the factual record needs to be developed.").  In Young, the plaintiff's challenge was limited to the scope of the arbitration agreement and it was undisputed that the agreement delegated such matters to the arbitrator in the first instance.  Id. at 321.

Experian argues that the instant case is indistinguishable from Young and it is entitled to have its motion granted without further delay.  It asserts that plaintiff has not raised any factual dispute as to the existence of the arbitration agreement and merely raises disputes as to the scope of the agreement, which by the contract's provisions are delegated to arbitrator.  Defendant's Notice of Supplemental Authority (Doc. No. 57) at p.1-2.  But this argument fails to acknowledge the nature of plaintiff's defense to the motion and makes too many assumptions in

Experian's own favor.  Consequently, the need for further factual development of the record is necessary.

Admittedly, plaintiff has not advanced factual assertions regarding the formation of the CreditWorks agreement.  Instead, he has limited his challenge to the sufficiency of what Experian has advanced to show it actually was plaintiff who created such an account and entered into such an agreement.  In other words, plaintiff contends that Experian has failed to meet its initial burden of demonstrating that there is no genuine issue of material fact as to the formation and existence of the CreditWorks account by plaintiff himself and as a consequence Experian has not shown a resulting agreement between plaintiff and ConsumerInfo.com, Inc.

Experian's motion cannot be considered under Rule 12(b)(6) because plaintiff's complaint neither advances claims based on the CreditWorks agreement nor relies on it in any way.  To the contrary, the motion raises matters beyond the scope of the pleadings and requires consideration of events and evaluation of matters external to the complaint and the claims therein.  Thus, the motion must be evaluated pursuant to Rule 56.

Experian has fallen short in establishing that the record currently contains no material issue of fact under Rule 56 as to whether plaintiff created an account with CreditWorks and thus entered into an agreement to arbitrate.  Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(A).  Rule 56 "'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  Deciding a summary judgment motion requires the court

to view the facts, draw all reasonable inferences and resolve all doubts in favor of the nonmoving party.  Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim.  Nat'l State Bank v. Fed. Reserve Bank of New York, 979 F.2d 1579, 1581-82 (3d Cir. 1992).  Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(E)) (emphasis in Matsushita).  An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

But "[w]here the party moving for summary judgment is . . . the party who bears the burden of proof at trial, the standard is more stringent."  National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992).  The Court of Appeals for the Third Circuit has explained that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented."  Id. (citing Resolution Trust Corp. v. Gill, 960 F.2d 336, 340 (3d Cir. 1992)).  "In determining whether the movant has satisfactorily established that there is no genuine issue of material fact, courts must keep in mind that 'inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'"  Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

As the party seeking to compel arbitration, Experian bears the initial burden of showing the existence of a valid contract between the parties reflecting an agreement to arbitrate.  See Schwartz v. Comcast, 256 F. App'x 515, 519 (3d Cir. 2007) ("Pennsylvania contract law assigns to the party seeking arbitration 'the burden of demonstrating that a valid agreement to arbitrate exists between the parties.'") (quoting Goldstein v. Depository Trust Co., 717 A.2d 1063, 1067 (Pa. Super. 1998); accord Tantillo v. CitiFinancial Retail Services, Inc., 2013 WL 622147, at *1 (D. N.J. Feb. 19, 2013) ("It appears that Citi bears the burden of showing that Tantillo executed an agreement to arbitrate."); Brisco v. Schreiber, 2010 WL 997379, *1 (D.VI. Mar.16, 2010) ("[t]he burden is upon the party seeking a stay to satisfy the court that a matter is referable to arbitration") (quoting American Financial Capital Corp. v. Princeton Electronics Products, 1996 WL 131145, at *7 (E.D. Pa. Mar. 20, 1996) (citing Miletic v. Holm & Wonsild, 294 F. Supp. 772, 775 (S.D. N.Y. 1968)); Cf. Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) ("Under Pennsylvania law, contract formation requires: (1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration.") (citing Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002)). Experian has not carried this burden under Rule 56.

Smith's affidavit does not in itself satisfy Experian's initial burden of demonstrating the absence of a material issue of fact on Experian's asserted entitlement to invoke the contract and compel arbitration.  His affidavit does show that if it was plaintiff who created the account and utilized the CreditWorks monitoring services, then it is likely that plaintiff agreed to the terms of the agreement through the sign-on/account creation process.  But Smith has no firsthand knowledge that it was plaintiff who created such an account and there is no evidence to draw an inference in defendant's favor that it was plaintiff who did so.  Defendant's assumption that it was plaintiff who did so is without evidentiary support beyond the fact that such an account appears to have been created in CreditWorks' records through the use of plaintiff's personal information.

But merely pointing to online activity that could have occurred under a myriad of circumstances that did not involve plaintiff or were not based on his consent fails to shift the burden to plaintiff to come forward with evidence showing a genuine issue of material fact regarding whether such a contract does exist.  And drawing an adverse inference against plaintiff on this issue stands the reasonable inference component of summary judgment on its head.  Consequently, the resolution of whether defendant is entitled to compel arbitration must await further development of the record.

The District Court for the Southern District of Georgia addressed a nearly analogous set of facts in Newton v. Experian Info. Solutions, Inc., 2024 WL 3451895 (S.D. Ga. July 18, 2024).  In Newton, the court grappled with whether Smith's affidavit provided sufficient evidence to establish what the plaintiff actually encountered and then understood (or had the opportunity to understand) when he interacted with the CreditWorks' webform.  The court observed that Smith's projection of what the plaintiff *would have* encountered was insufficient to demonstrate that Smith possessed actual personal knowledge that the plaintiff clicked "submit and continue" to enroll in CreditWorks.  Id. at *5 (emphasis added).  The court reasoned that Smith's affirmation that the plaintiff must have clicked "submit secure order" did not demonstrate that Smith had personal knowledge that it was the plaintiff that clicked the button.  Id.  Without personal knowledge of the plaintiff's enrollment process, the court could not determine whether there was valid consent to arbitrate.  Consequently, the court denied the motion in part and indicated that the matter would be set for trial pursuant to Section 4 of the FAA.  Id. at *6.

Section 4 of the FAA provides: "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4.  The Newton court noted that under Section 4, Smith's affidavit was sufficient to raise a material issue of fact as to whether the plaintiff had entered into the contract through the electronic enrollment process and reasoned that the statue mandated the

prompt resolution of that material issue through trial.  See <u>Newton</u>, 2024 WL 3451895 at *5

("While not conclusive enough to establish Plaintiff's assent as a matter of law, the Court finds

Defendant's evidence is sufficient to create a genuine issue of material fact as to whether Plaintiff

assented to the arbitration agreement.  Therefore, the case shall proceed to a trial on the issues

discussed herein.").

Here, it is premature to determine whether factual disputes will remain after a brief

period of discovery has been afforded on contract formation.  Accordingly, the court will

determine the appropriate process for resolving any remaining factual disputes once the parties

have completed the initial period of discovery and defendant has thereafter renewed its motion to

compel.

For the reasons set forth above, defendant's motion to compel arbitration will be denied

without prejudice to renew following a brief period of discovery pertaining to contract formation.

Appropriate orders will follow.

<u>Date: January 8, 2025</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:     Ari Marcus, Esquire
        Ryan D. Peterson, Esquire
        Christopher M. Hunchuck, Esquire
        Vincent M. Roskovensky, Esquire
        Samantha Southall, Esquire
        Krista A. Rose, Esquire


        (*Via CM/ECF Electronic Mail*)